1  MORGAN, LEWIS & BOCKIUS LLP
   D. WARD KALLSTROM, State Bar No. 76937
2  e-mail: dwkallstrom@morganlewis.com
   DONALD P. SULLIVAN, State Bar No. 191080
3  e-mail: dpsullivan@morganlewis.com
   One Market, Spear Street Tower
4  San Francisco, CA 94105-1126
   Tel: 415.442.1000
5  Fax: 415.442.1001

6  PETER W. SALTZMAN (State Bar No. 169698)
   e-mail: pwsaltzman@leonardcarder.com
7  CHRISTINE S. HWANG (State Bar No. 184549)
   e-mail: chwang@leonardcarder.com
8  LEONARD CARDER LLP
   1330 Broadway, Suite 1450
9  Oakland, CA 94612
   Tel: 510-272-0169
10 Fax: 510-272-0174

11 Attorneys for
   ILWU-PMA Welfare Plan, and
12 ILWU-PMA Welfare Plan Trustees

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15  LAWRENCE SAKS, M.D., dba, RECONSTRUCTIVE SURGERY ASSOCIATES, dba, RECONSTRUCTIVE SURGERY AFFILIATES; and MADISON PARK SURGERY AND LASER CENTER, dba, MADISON PARK SURGERY AFFILIATES,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION - PACIFIC MARITIME ASSOCIATION BENEFIT PLANS; and DOES 1 to 200, Inclusive,<br><br>Defendants. | Case No. 2:09-cv-02885-MMM-E<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF CONFIDENTIAL DOCUMENTS |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| 1 | ILWU-PMA WELFARE PLAN, AND ILWU-PMA WELFARE PLAN |
| 2 | TRUSTEES, |
| 3 | Counter-Plaintiffs, |
| 4 | vs, |
| 5 | LAWRENCE SAKS, M.D., dba, RECONSTRUCTIVE SURGERY |
| 6 | ASSOCIATES, dba, RECONSTRUCTIVE SURGERY |
| 7 | AFFILIATES; and MADISON PARK SURGERY AND LASER CENTER, |
| 8 | dba, MADISON PARK SURGERY AFFILIATES, DOES 300-350 |
| 9 | Counter-Defendants |

## PROTECTIVE ORDER

Pursuant to the Parties' Stipulated Request for Protective Order Regarding Production and Use of Confidential Documents, and the Court finding good cause for granting the requested relief, hereby enters the following Protective Order in the above-titled case:

1. Definitions.

   a. "Action" shall refer to the above-titled action, United States District Court, Central District of California, Case No. 2:09-cv-02885-MMM-E.

   b. "Confidential Material" shall mean Material (regardless of how generated, stored or maintained) or tangible things that relate to or describe medical treatment, services or supplies provided to Plan participants or others.

   c. "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

   d. "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts and summaries thereof, relating to this case.

   e. "Party" or "Parties" shall refer to any party to this action, including all counsel (and their support staff).

f.  "Person" shall refer to and include (a) all Parties to the Action; and (b) any other person receiving, producing or disclosing Material in the Action.

g.  "Producing Person" shall refer to a Person (including a Party) that produces Material in the Action.

h.  "Receiving Person" shall refer to a Person (including a Party) that receives Material from a Producing Person.

i.  "Order" shall refer to this Protective Order.

2.  This Order shall govern the handling of all Material provided during the course of the Action either voluntarily, as initial disclosures or in response to discovery requests made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order. The provisions of this Order shall apply to any Person.

3.  All Material shall be used only for the purpose of preparing for, and conducting the Action, including any appeals thereof, and shall not be used by the Parties or any other person for any other purpose. The Court reserves the right to modify this Order for good cause shown.

4.  All Material produced in the Action, whether voluntarily or as required by Court order or under the Federal Rules of Civil Procedure, if such documents or things contain Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. It shall be the responsibility of the Producing Person to cause all Confidential Material to be stamped by the time such Confidential Material is produced.

5.  Information or testimony disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by a Party, or by a Producing Person, if such person either:

a.  identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

b.  provides written notification to all Parties within 10 business

days of receipt of the transcript of the deposition specifying those pages and lines of the transcript that are designated as Confidential Material.

The entire transcript of any deposition shall be treated as Confidential Material until 30 calendar days after the conclusion of the deposition. Each page of deposition transcript designated as Confidential Material shall be stamped, as set forth in paragraph 4 above, by the court reporter or counsel.

6. Each Party and each Producing Person shall have 10 business days from the actual receipt of any Material to designate any such Material as "Confidential." During this 10-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.

7. Any Material designated as "Confidential" in accordance with this Order also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material.

8. Confidential Material shall be subject to the following restrictions:

    a. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph 8(b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

    b. Except as ordered by the Court, Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

        i. counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel, including any outside vendor providing litigation support or photocopying services, who are assisting in the conduct of the Action;

        ii. the Parties;

        iii. witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to

1  paragraph 9, below;

2        iv. such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 9, below;

5        v. the Court, court personnel, potential jurors, jurors or alternate jurors; and

7        vi. court reporters and their employees used in connection with the conduct of the Action.

9      9. Each Qualified Person described in paragraph 8(b)(iii) or 8(b)(iv), above, to whom Confidential Material is disclosed shall first be provided with a copy of this Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Order and that Confidential Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing such access to provide to each person to whom Confidential Material is disclosed a copy of this Order. Prior to disclosing Confidential Material to each person described in subparagraph 8(b)(iv), above, counsel shall cause each such person to execute a Certificate in the form attached as Exhibit A to this Order. Counsel disclosing Confidential Material to persons under subparagraph 8(b) shall be responsible for holding executed certificates.

20     10. No Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall be filed, independently or as an attachment or exhibit to any other document, in the public court file except as provided in Civil Local Rule 79-5.

24     11. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 8(b), above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Order.

12. No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

13. Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

14. Meet and Confer. A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Person. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

15. Judicial Intervention. A Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Person may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Person in the meet and confer dialogue. The burden of persuasion in any such

Case 2:09-cv-02885-JAK-E Document 20 Filed 01/13/10 Page 7 of 9 Page ID #:478
Case 2:09-cv-02885-MMM-E                                                  Page 7 of 9

1  challenge proceeding shall be on the Designating Person. *Phillips ex rel. Byrd v.*
2  *General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Until the court
3  rules on the challenge, all parties shall continue to afford the material in question
4  the level of protection to which it is entitled under the Producing Person's
5  designation.

6      16. Subject to paragraph 3, above, should any non-party seek access to
7  Confidential Material, by request, subpoena or otherwise, the Party or other
8  recipient of the Confidential Material from whom such access is sought, as
9  applicable, shall promptly notify the Producing Person who produced such
10 Confidential Material of such requested access. If any Receiving Person (a) is
11 subpoenaed in another action, (b) is served with a demand in another action to
12 which he or it is a party, or (c) is served with any other legal process by one not a
13 party to this Action seeking Material which was produced and designated as
14 Confidential, the Receiving Person shall give written notice, by hand or facsimile
15 transmission, within five business days of receipt of such subpoena, demand or
16 legal process, to those who produced and/or designated the Material. The
17 Receiving Person shall not produce any of the Producing Person's Confidential
18 Material, unless ordered by a court to do so, until the later of (i) at least ten business
19 days after providing the required notice to the Producing Person, or (ii) the date of
20 production specified in, or required by, the subpoena, demand or other legal
21 process. The Producing Person shall be solely responsible for asserting any
22 objection to the requested production.

23     17. This Order, insofar as it restricts the communication and use of
24 Confidential Material, shall continue to be binding throughout and after the
25 conclusion of the Action, including any appeals. However, when offered in
26 evidence at trial, Confidential Material will become available to the public, unless
27 good cause is shown in advance of the scheduled trial date to proceed otherwise. In
28 order to permit a Designating Person to assess whether to move the Court for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

1 additional protection, and if appropriate to file a timely motion, the proponent of the
2 evidence must give notice of intent to introduce the evidence to counsel for the
3 Designating Person at least sixty (60) days before trial. Any party may then move
4 the Court in advance of the trial for an order that the evidence be received *in*
5 *camera* or under other conditions to prevent unnecessary disclosure pursuant to
6 applicable federal and local rules. The Court will determine whether the proffered
7 evidence should continue to be treated as Confidential Material and, if so, what
8 protection may be afforded to such Material at trial.

9    18.   Within thirty days after the conclusion of the Action, including all
10 appeals, all Confidential Material, copies thereof and documents reflecting such
11 Confidential Material (other than materials contained in the court's records) shall be
12 returned to the Producing Person who produced such Confidential Material or
13 destroyed, at the discretion of the Producing Person.

14    19.   The Court retains jurisdiction for a period of 6 months after
15 termination of this action, to enforce the terms of this order or to make such
16 amendments, modifications, or additions to this Order as it may from time to time
17 deem appropriate or may consider upon the motion of any party.

**IT IS SO ORDERED:**

Dated: 1/13/10        By _____
                         The Hon. ~~Margaret M. Morrow~~
                         ~~U.S. District Court Judge~~
                         Charles F. Eick
                         United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

# EXHIBIT A

I, _____, do hereby certify that I have been provided with a copy of the Protective Order in the action captioned *Saks, et al. v. International Longshore & Warehouse Union – Pacific Maritime Assoc. Benefit Plans, et al.*, USDC, Central District Case No. 2:09-cv-02885-MMM-E, that I have reviewed said Protective Order, and that I agree to be bound by the terms and conditions set forth therein and consent to the exercise of jurisdiction of the United States District Court for the Central District of California in connection with any proceedings relating to the Protective Order.

Executed this \_\_\_\_(day) of _____(month), _____(year).

_____
Signature

DB2/21485186.1

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

9