# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV09-02885 JAK (Ex) | Date | October 16, 2012 |
|---|---|---|---|
| Title | Lawrence Saks, et al. v. International Longshore & Warehouse Union-Pacific Maritime Association Benefit Plans, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS) ORDER RE RESPONSE TO ORDER TO SHOW CAUSE FOR PLAINTIFF'S FAILURE TO COMPLY WITH MAGISTRATE JUDGE EICK'S JULY 10, 2012 SETTLEMENT CONFERENCE ORDER**

The Court has received Plaintiff's "Declaration in Response to [the] Order to Show Cause" (the "Declaration"). Dkt. 165. It was filed in response to this Court's Minute Order of September 28, 2012. Dkt.159. As noted in that Order, Plaintiff failed to comply with the July 10, 2012 Order by Magistrate Judge Eick (Dkt. 154) with respect to the Settlement Conference that was set in this matter for September 6, 2012. In Paragraph 7 of that Order, Magistrate Judge Eick directed, among other things, that a "settlement conference statement of each party must be submitted directly to the chambers of the settlement judge (Room 342), or in the alternative, faxed directly to the chambers of the settlement judge (213-894-3335), no later than 5:00 p.m. on **August 30, 2012,** setting forth the relevant positions of the parties ...." (Emphasis in original.) Plaintiff failed to make such submission. As a result, Magistrate Judge Eick entered the following Order on August 31, 2012: "The settlement conference, previously scheduled for September 6, 2012, is vacated because of Plaintiff's failure to comply timely with paragraph 7 of this Court's 'Settlement Conference Order' filed July 10, 2012." Dkt. 155.
In the Declaration, Plaintiff asserts that, "I now understand that on July 10, 2012, Magistrate Judge Eick issued an Order directing each party to submit a settlement conference statement to chambers of the settlement judge no later than August 30, 2012." Plaintiff goes on to declare that he could not comply with this Order because, among other things, he "did not understand that the document had to be filed." Dkt. 165, ¶ 3. He then states that, even if he had such an understanding, because he is not an attorney, he does not "know how to draft such a document." *Id.* Plaintiff proceeds to discuss his need to obtain counsel to assist him while incarcerated until May 21, 2012, followed by a two-week period in a halfway house, and his search for an attorney.

The Court finds that Plaintiff's Declaration is not sufficient to justify a discharge of the Order to Show Cause for several reasons. First, the claim that Plaintiff did not know that he was to submit something in writing to Magistrate Judge Eick is unpersuasive. As noted above, the Order issued by Magistrate Judge Eick on July 10, 2012 was clear: a statement was to be submitted to Room 342 or sent by facsimile transmission to a specified telephone number. These are clear and uncomplicated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV09-02885 JAK (Ex) | Date | October 16, 2012 |
|---|---|---|---|
| Title | Lawrence Saks, et al. v. International Longshore & Warehouse Union-Pacific Maritime Association Benefit Plans, et al. | | |

statements. Plaintiff, who has many years of post-college education, should have understood them.

Second, as a self-represented litigant, Plaintiff is not excused from complying with orders of the Court, even if he does not believe that he understands them. If there is an order that he does not understand, he is required to take reasonable steps to try to understand it, rather than ignore it. Court resources were invested in arranging for the Settlement Conference with Magistrate Judge Eick. Ignoring the Order wastes such resources.

Third, to the extent that Plaintiff concluded that he could not comply with the Order requiring the submission of the statement to Magistrate Judge Eick, without the assistance of counsel, he should have advised Magistrate Judge Eick and defense counsel of this issue. That would have permitted Magistrate Judge Eick to determine what, if any, modifications to make to his prior Order, and would have permitted defense counsel to have awaited an order with respect to whether Defendants would be required to expend time and resources on the preparation of a statement.

Plaintiff's failure to take any action in this regard is troublesome in that, according to the Declaration, he was apparently released from the halfway house in early June 2012. Yet Magistrate Judge Eick's Order issued more than a month later, on July 10, 2012, and the due date for the submission was August 30, 2012, which was almost three months after Plaintiff's release from the halfway house. Thus, there was more than enough time for Plaintiff to have sought assistance about an appropriate response to the July 10, 2012 Order, even if the response had been a request to extend the times for the submission of the statements and the settlement conference.

For these reasons, the Court will proceed with the Order to Show Cause on October 22, 2012 at 1:30 p.m. The Court modifies its prior Order to Show Cause to include the following: Plaintiff shall be prepared to show cause why sanctions in the amount of $250 should not be imposed for his failure to comply with the July 10, 2012 Order of Magistrate Judge Eick.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    ak